No. 40,957

LaVERNE DAWKINS, *Appellee*, v. REYNOLDS DAWKINS: FIRST STATE BANK, and BODY OF CHRIST GOSPEL TABERNACLE, *Appellants*.

(328 P. 2d 355)

Opinion filed July 7, 1958.

*Wash H. Brown,* of Kansas City, argued the cause and was on the briefs for the appellant, Reynolds Dawkins.

*J. W. Mahoney,* of Kansas City, argued the cause, and *David W. Carson* and *John K. Dear,* both of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is the second of two appeals in a divorce action, the first having been disposed of in *Dawkins v. Dawkins* (No. 40,956), 183 Kan. 323, 328 P. 2d 346.

The opinion in the case just mentioned contains a brief but accurate recital of the principal facts essential to a proper understanding of the lawsuit and for that reason is made a part of this opinion by reference. Supplementing what is there stated it suffices to say the record discloses that after hearing all evidence adduced at the trial, and finding that as to all property in question between the church and its minister, the defendant Reynolds Dawkins was the owner thereof, which property, it is to be noted, has now been held by this court to be the property of the church, the trial court granted the plaintiff, LaVerne Dawkins, a divorce on grounds of extreme cruelty. It then awarded her custody of the two minor children and, on the basis of its decree as to ownership of the property in controversy and the financial status of the parties by reason thereof, decreed the church parsonage to be the property of the plaintiff, and directed that the defendant pay for and on behalf of the plaintiff certain monetary awards as and for permanent alimony, child support, and attorneys' fees, together with the costs of the action.

Following rendition of the foregoing decree Reynolds Dawkins filed a motion for a new trial. When such motion was overruled he perfected the instant appeal, wherein, under proper specifications of error, he challenges the propriety of all rulings and orders made by the trial court in connection with the divorce phase of the action, except the portion of the decree dissolving the marital status of the parties.

In approaching consideration of the present appeal it should be stated at the outset that an examination of the entire record, viewed in the light of our decision in *Dawkins v. Dawkins* (No. 40,956), *supra,* makes it crystal clear that all portions of the trial court's judgment relating to permanent alimony, support for the minor children, division of property, and allowance of attorneys' fees are

based, at least in part, on an erroneous concept respecting the earning capacity of the appellant and the amount of property owned by the parties, whose rights were affected and determined by such portions of that decree. Under these circumstances the end result, so obvious as to almost preclude the necessity for stating it and certainly requiring no citation of authorities in its support, is that such matters were disposed of by the trial court on an erroneous premise and all rulings and orders with respect thereto must be reversed and sent back to that tribunal with directions to review and dispose of them on the basis of the earning capacity of appellant and the amount of the property owned by the parties involved in the marital phase of the cause, after giving full force and effect to what is said and held in *Dawkins v. Dawkins,* supra.

Since there is no appeal from the judgment granting appellee a divorce from appellant on grounds of extreme cruelty the conclusions just announced dispose of practically all the issues raised by the parties on this appeal. However, there are two questions which have not been determined by what has been previously stated that require attention.

Conceding that in this jurisdiction orders made respecting the custody of minor children in divorce cases are within the sound judicial discretion of the trial court and will not be disturbed on appellate review in the absence of a clear affirmative showing of an abuse of that discretion appellant contends the trial court erred in awarding appellee the custody and control of the two minor children because the evidence discloses its ruling in that respect was based on passion and prejudice. The welfare of children has always been a matter of great concern to courts generally, including our own. On that account we have made a careful and extended examination of the record touching the point now under consideration. Having done so we fail to find evidence warranting a conclusion the trial court abused its discretion in giving appellee custody of the involved children and, it may be added, find no evidence whatsoever sustaining appellant's position that action was based on passion and prejudice. Moreover, we have concluded that from and after the date of this decree the appellant should make the payments provided for in the custody order up to and until the time the trial court is able to again pass upon the merits of all orders and rulings herein reversed. This, it is to be noted,

is in no sense to be regarded as any indication on the part of this court as to what the trial court's order with respect to child support payments should be on final determination of the matters herein passed upon.

Appellee contends that appellant has acquiesced in the judgment of the trial court. In connection with this question, although we are unable to find anything in the journal entry of judgment attached to the notice of appeal to that effect, it is argued that appellee moved into the parsonage in accord with the trial court's judgment and appellant moved out, taking with him household furnishings which were awarded to him by that tribunal. Assuming the facts to be as stated, we are unwilling to say there was anything in that arrangement which, under the existing facts and circumstances, can be construed as such an acquiescence in the judgment as would bar the appellant from maintaining the instant appeal.

Based on what has been heretofore stated and held the rulings and orders of the trial court relating to permanent alimony, support for the minor children, division of property and the allowance of attorneys' fees are reversed with directions to hear and determine those matters in accord with the views expressed in this opinion.

It is so ordered.

FATZER, J., dissents for reasons set forth in the dissenting opinion in the companion appeal, *Dawkins v. Dawkins*, No. 40,956, 183 Kan. 323, 328 P. 2d 346, this day decided.